Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4663 | **DATE** | January 7, 2005 |
| **CASE TITLE** | *Finwall v. City of Chicago* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, this Court DENIES Defendants' Motion to Dismiss [15-1] as to the section 1983 claims but GRANTS the motion as to the state law claims against the Individual Defendants.
(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 12 2005 date docketed | |
| | Docketing to mail notices. | | | 23 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| RTS | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| TIMOTHY FINWALL, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Hon. Blanche M. Manning |
| v. | ) ) ) | Case No. 04 C 4663 |
| CITY OF CHICAGO, et al. | ) ) ) | |
| Defendants. | ) | |

**DOCKETED**
JAN 1 2 2005

## MEMORANDUM AND ORDER

Plaintiff Timothy Finwall brought this action against Defendants City of Chicago, Detective Martin Garcia, Detective Dion Boyd, and Mary Boswell alleging section 1983 claims for false arrest and imprisonment, unlawful detention, due process violations, and conspiracy and state law claims of malicious prosecution, intentional infliction of emotional distress, respondent superior, and indemnification. Presently before this Court is Defendants' Joint Motion to Dismiss [15-1]. For the reasons set forth below, this Court DENIES this motion.

### BACKGROUND[1]

On March 24, 2001, the Chicago Police Department received a call from Defendant Boswell stating that a white male had attempted to abduct her eight year old daughter in front of her home. According to the report taken from Ms. Boswell's call to the police, the man approached her daughter and asked her if she "wished to accompany him on a field trip." Hearing a "man's voice," Ms. Boswell came out of her home and told the man to leave. The man then walked away on foot, not in an automobile as was later reported. Ms. Boswell described the man as approximately 35 years old, 5'9", and 160 pounds. She later helped the

---

[1] The facts in the Background section are derived from the Complaint.

police put together a sketch ("the Sketch") of the man which was distributed in the vicinity of Ms. Boswell's home.[2]

After the Sketch was distributed, on April 1, 2001, Detectives Garcia and Boyd ("the Detectives") received an anonymous report stating that the Sketch "resembled a guy [Mr. Finwall] [that the anonymous informant] went to school with." After running Mr. Finwall's name through the police data base, the Detectives learned that his only contact with the police was an arrest 13 years ago for "disarming a police officer." According to Mr. Finwall, he took a gun away from an intoxicated police officer who was pointing his weapon at the head of a friend of his. To avoid the possibility of prison, Mr. Finwall states that he pled guilty and received probation.

According to Mr. Finwall, the fact that he did not receive any jail time "motivated [the Detectives] to punish [him]" by "framing" him for the attempted abduction of Ms. Boswell's daughter. To frame Mr. Finwall, the Detectives allegedly "manipulated photographic and line-up identifications" and "induced" and created false evidence. Specifically, after arresting him on April 11, 2002, and knowing of his alibi, the Detectives nevertheless put his 13 year-old mug shot in a photo-array which "unfairly suggested which picture they believed to be the perpetrator." Also, after learning from the assistant states attorney that they could not charge Mr. Finwall with a crime unless it was established that he left the scene in an automobile, the Detectives "coerced" Ms. Boswell to state that she saw the alleged perpetrator leave the scene in a green 1992 Honda Civic – which incidentally was the same type of car owned by Mr. Finwall. Prior to this statement, none of the police reports or witness statements mentioned the offender

---

[2] At the time of this incident, Mr. Finwall was at work as a bartender in a tavern, a job he has held for 10 years.

leaving in a car. In fact, the reports state that suspect "left on foot." The Detectives also put Mr. Finwall in a police "line-up" which "suggested" that he was the offender.

Despite the above evidence, on July 22, 2002, Mr. Finwall was acquitted of all charges. A little under two years later, he then brought the instant action seeking redress for his alleged frame-up and wrongful arrest. Defendants now come before this Court seeking to dismiss this action on the grounds that the statute of limitations precludes Mr. Finwall's claims, and if they are not barred, the Detectives had probable cause to arrest and charge him.

### STANDARD OF REVIEW

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must assume the truth of all facts alleged in the pleadings, construing allegations liberally and viewing them in the light most favorable to the non-moving party. See, e.g., McMath v. City of Gary, 976 F.2d 1026, 1031 (7th Cir. 1992); Gillman v. Burlington N. R.R. Co., 878 F.2d 1020, 1022 (7th Cir. 1989). Dismissal is properly granted only if it is clear that no set of facts which the plaintiff could prove consistent with the pleadings would entitle the plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Kunik v. Racine County, Wis., 946 F.2d 1574, 1579 (7th Cir. 1991) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

The court will accept all well-pled factual allegations in the complaint as true. Miree v. DeKalb County, 433 U.S. 25, 27 n.2 (1977). In addition, the court will construe the complaint liberally and will view the allegations in the light most favorable to the non-moving party. Craigs, Inc. v. General Electric Capital Corp., 12 F.3d 686, 688 (7th Cir. 1993). The court, however, is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. Scott v. O'Grady, 975 F.2d 366, 368 (7th Cir. 1992).

**ANALYSIS**

Defendants contend that this Court should dismiss the Complaint because: (I) the two-year statute of limitations precludes Mr. Finwall's section 1983 claims; and (II) even if the limitations period is not applicable, the Detectives had probable cause to arrest and charge him. The Court will address each of these contentions in turn.

**I.    Statute of Limitations for Section 1983 Claims**

The parties here do not dispute that the two-year Illinois statute of limitations (735 ILCS 5/13-202) applies to Mr. Finwall's section 1983 claims. The contested issue is when the statute accrued. The City contends that the clock began running on the date of his arrest – April 11, 2001 – which would mean that this Complaint, which was filed on July 15, 2004, is time barred. Mr. Finwall, on the other hand, asserts that the statute did not start running until the date of his acquittal on the alleged fabricated criminal charges – July 22, 2002, which would make his section 1983 claims timely.

The general rule for false arrest claims is that the statute of limitations accrues on the date of the arrest. See Gonzalez v. Entress, 133 F.3d 551, 554 (7th Cir. 1998). The rationale for this rule is that "a wrongful arrest claim does not necessarily undermine a conviction," – e.g., a person may still be rightfully convicted despite being wrongly arrested. Wiley v. City of Chicago, 361 F.3d 994, 996 (7th Cir. 2003). Applying this rationale and the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1004), however, the Seventh Circuit has held that this rule does not apply to all false arrest claims. Wiley, 361 F.3d at 996. Where the alleged unlawful arrest can "impugn the validity of the plaintiff's conviction," the section 1983 claim does not accrue until the "criminal charge or conviction is set aside or dismissed." Id. at 997.

In Wiley, the plaintiff alleged that a Chicago police officer arrested him after the officer

-4-

planted drugs on him and falsely reported that he witnessed the plaintiff "engaged in illegal activity." Id. at 995. After the drug charge was dismissed in state court, the plaintiff brought a section 1983 claim alleging that the officer "fabricated evidence in order to arrest him and thereafter misrepresented his guilt to prosecutors." Id. at 995-96. The district court dismissed the claim on the grounds that a claim for false arrest begins to run on the date of the arrest and that plaintiff's cause was barred by the two year statute of limitations. Id. at 996.

Reversing the district court, the Seventh Circuit held that the plaintiff's claim accrued not on his arrest but upon the dismissal of the criminal charges. Id. at 997. According to the court, based on the allegations in the complaint, the arrest and prosecution were based "solely on the basis of the drugs planted" by the defendant officer, and therefore, "any attack on the arrest would necessarily challenge the legality of a prosecution premised on the planted drugs." Id. As such, an action charging false arrest based on the "planted drugs" would "necessarily imply the invalidity of a potential conviction." Id.

Here, other than an anonymous tip that the sketch of the alleged child abductor "resembled" a person the tipster went to high school with, the Detectives had no real evidence against Mr. Finwall. This is particularly true given that he had a very strong alibi -- he was at work as a bartender at the time and no doubt had many witnesses to confirm his whereabouts. The evidence which the detectives used in convincing the prosecutor to charge him was all allegedly fabricated by the Detectives. Before arresting him, Mr. Finwall alleges that the Detectives "manipulated photographic and line-up identifications" and "coerced" Ms. Boswell to state that she saw him getting into a green 1992 Honda Civic – the same type of car registered to Mr. Finwall. This Court thus holds that, based on the facts in the Complaint, because the arrest and prosecution were allegedly based solely on the fabricated evidence of the Detectives, an

action for false imprisonment filed before the dismissal of the criminal charge would have "necessarily impl[ied] the invalidity of a potential conviction." As such, the statute of limitations in this case did not begin to run until Mr. Finwall was acquitted, and therefore, this action is timely.[3]

## II. Probable Cause

Finding that this action is within the statute of limitations, the Court turns next to whether the Detectives had probable cause to arrest Mr. Finwall. While it is true that the existence of probable cause bars a claims for false arrest, this rule does not apply where the alleged probable cause is the result of fabricated evidence. See Smith v. City of Chicago, 913 F.2d 469, 473 (7th Cir. 1990); Cervantes v. Jones, 1997 WL 433685, at *3 (N.D. Ill July 29, 1997); Kingsland v. City of Miami, 382 F.3d 1220, 1226 (11th Cir. 2004).

Here, as explained in detail above, other than an anonymous tip that the sketch of the alleged child abductor "resembled" Mr. Finwall, the Detectives had no real evidence linking him to the attempted abduction. Indeed, Mr. Finwall alleges that the prosecutor told the police this, which resulted in them "manipulat[ing] photographic and line-up identifications" and creating false evidence, so that they would have sufficient probable cause to arrest and charge him. Therefore, this Court holds, that based on the facts alleged in the Complaint, Mr. Finwall has sufficiently alleged that he was arrested without probable cause.

---

[3] This decision, however, does not apply to Mr. Finwall's state law claim against the Individual Defendants. As Mr. Finwall admits, his state law claims are governed by the one-year statute of limitations. The state law claims against the City, however, were tolled when Mr. Finwall joined a class action against the City. See Crown, Cork & Seal v. Parker, 462 U.S. 345, 353-54 (1983) ("the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class"). Therefore, this Court dismisses the state law claims against the Individual Defendants but not against the City.

## CONCLUSION

For the reasons discussed, this Court DENIES Defendants' Motion to Dismiss [15-1] as to the section 1983 claims but GRANTS the motion as to the state law claims against the Individual Defendants.

ENTER:

*Blanche M. Manning*
BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE

DATE: 1-7-05