IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY FINWALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04 C 4663 |
| | ) | |
| CITY OF CHICAGO, DETECTIVE MARTIN | ) | Judge Blanche M. Manning |
| GARCIA, DETECTIVE DION BOYD and | ) | |
| MARY BOSWELL, | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT
MOTION TO BAR THE OPINIONS OF PLAINTIFF'S EXPERTS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2)**

This Court should bar the opinions of Plaintiff's four expert witnesses because Plaintiff did not meet his expert disclosure obligations pursuant to Federal Rule of Civil Procedure 26(a)(2), and Defendants have suffered severe harm and prejudice as a result. First, Plaintiff failed to timely disclose the identity and opinions of his expert witnesses, preventing Defendants both from deposing these experts, and from considering whether to retain rebuttal experts. Moreover, Plaintiff's untimely disclosures fail to comport with the requirements of Rule 26(a)(2)(B), making it impossible for Defendants to adequately prepare and depose these experts, even assuming that any time remained in expert discovery (which it does not). Accordingly, this Court should strike the reports of Plaintiff's four expert witnesses and preclude all four individuals from providing expert testimony at trial.[1]

**PROCEDURAL HISTORY**

Judge Manning initially ordered fact discovery and expert discovery to close on

---

[1] In the event that Plaintiff's Rule 26 disclosures are found to be sufficient, which Defendants contest, Plaintiff's experts are unlikely to survive a subsequent *Daubert* challenge. At this time, however, Defendants specifically reserve all *Daubert* arguments for a later date.

September 1, 2005 and October 1, 2005, respectively.  (*See* February 18, 2005 Order, attached as Exhibit A).  Subsequently, the Court granted the parties' joint motion to extend both fact and expert discovery to November 25, 2005 and January 15, 2006, respectively, but expressly "advised the parties that it will not entertain further requests for extensions," and "admonish[ed] counsel to ensure that discovery is completed by the cut off."  (*See* August 2, 2005 Order, attached as Exhibit B).  On November 22, 2005, Judge Manning extended fact discovery to December 16, 2005, for the sole limited purpose of Plaintiff completing three additional *fact* discovery depositions.  (*See* Transcript of November 22, 2005 court hearing, attached as Exhibit C).  Notably, the Court did not alter the expert discovery cut-off date of January 15, 2006.  Id.

On December 28, 2005, Defendants received, via facsimile, a report authored by Plaintiff's proposed expert, John Mundt ("Mundt"), a psychologist.  (*See* Mundt report, attached as Exhibit D).  This facsimile did not include a curriculum vitae ("c.v."), a prior case list, or any reference to the rate of compensation for services provided to Plaintiff as required by Rule 26(a)(2)(B).  Id.

On January 6, 2006, approximately one week prior to the close of expert discovery, Defendants received, again via facsimile, Mundt's c. v. and a copy of an invoice for his services. (*See* Mundt c.v. and invoice, attached as Exhibit E).  To date, Defendants have not received a list of other cases in which Mundt has provided expert opinions or testimony.

On January 9, 2006, mere days before the close of expert discovery, Defendants received an invoice, resume, and a letter written by Wayne Anderson ("Anderson"), an automobile mechanic, whom Plaintiff apparently intends to call as an expert witness at trial.  (*See* Anderson resume, letter and invoice, attached as Exhibit F).

On Friday afternoon, January 13, 2006**, *the day before*** the close of expert discovery,

(January 15, 2006 was a Sunday), Defendants received two additional expert disclosures from Plaintiff.  Plaintiff disclosed Solomon Fulero ("Fulero") as a proposed expert on eyewitness identification and Paul Palumbo ("Palumbo") as a police procedures expert.  Fulero's report does not bear his signature, does not include all of the data he considered in forming his opinions, and does not disclose the cases in which he has previously testified at trial or in a deposition.  (*See* Fulero disclosures, attached as Exhibit G).  Similarly, Palumbo's report does not disclose all data he considered in forming his opinions.  (*See* Palumbo disclosures, attached as Exhibit H).

As a result of these late and deficient disclosures, Defendants have been unable to depose Plaintiff's proposed experts or retain rebuttal experts of their own, and have been unable to even adequately prepare for the depositions of these experts, even assuming that any time remained in expert discovery (which Judge Manning has made clear does not).  Because they have been severely prejudiced by Plaintiff's eleventh-hour incomplete disclosure of four expert witnesses, Defendants now seek to strike the reports of these proffered experts and bar these experts from testifying at trial.

## ARGUMENT

**I.  NONE OF THE FOUR EXPERT DISCLOSURES MADE BY PLAINTIFF COMPORT WITH THE STRICT REQUIREMENTS OF RULE 26(a)(2) IN THAT THEY WERE INCOMPLETE AND UNTIMELY, MAKING STRIKING ALL FOUR REPORTS AND BARRING ALL FOUR EXPERTS FROM PROVIDING EXPERT TESTIMONY AT TRIAL PROPER.**

Rule 26(a) requires the parties to disclose, at a time set by the court, or in the alternative by the rule, any expert witnesses whom they intend to present at trial.  Fed. R. Civ. P. 26(a)(2)(A), ©.  This rule also requires the disclosure of signed expert witness reports, setting forth, *inter alia*, the opinions to be offered by each expert witness and the basis for those opinions.  Fed. R. Civ. P. 26(a)(2)(B).  The Seventh Circuit has described the purpose of this

rule: "The expert witness discovery rules are designed to aid the court in its fact-finding mission by allowing both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case." Sherrod v. Lingle, 223 F.3d 605, 613 (7th Cir. 2000).

In addition, Rule 37 provides: "[a] party that without substantial justification fails to disclose information required by Rule 26(a)…shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). The plain language of Rule 37 has been interpreted by the Seventh Circuit to mean that the sanction of exclusion is *"**automatic** and **mandatory** unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless."* NutraSweet Co. v. X-L Eng'g Co., 227 F.3d 776, 785-86 (7th Cir. 2000), *quoting* Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir. 1996) (*emphasis added*).

The district court is vested with "broad discretion" in evaluating the justification for, and harm resulting from, the failure to comply with Rule 26(a). *See e.g.* Miksis v. Howard, 106 F.3d 754, 760 (7th Cir. 1997); Mid-America Tablewares, Inc. v. Mogi Trading Co., 100 F.3d 1353, 1363 (7th Cir. 1996); Finley, 75 F.3d at 1231. In exercising that discretion, four factors guide the district court's determination of whether exclusion is appropriate: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. David v. Caterpillar, 324 F.3d 851, 857 (7th Cir. 2003).

In this case, discovery was on-going for well over a year. By explicit court order, all expert discovery was to be completed by January 15, 2006. (*See* Exhibit B). The Court was

clear in its admonishment that discovery would *not* again be extended. Id. Plaintiff knew since August 2005, that *all* expert discovery was set to close on January 15, 2006 without further extension. Id. Thus, it was incumbent upon Plaintiff to name his experts with enough time remaining in expert discovery for Defendants to respond in some meaningful way. Instead, Plaintiff did not disclose *any* expert witnesses until one month had already elapsed in expert discovery, and waited until the day before expert discovery closed to disclose two of his four proposed expert witnesses. Further, to this day Plaintiff has failed to make proper and complete disclosures with respect to any of his already untimely disclosed experts. This delay could have been easily been prevented by Plaintiff, making his delay unjustifiable.

This delay was unjustifiable because *all* of the data relied upon by Plaintiff's experts was in Plaintiff's possession prior to November 11, 2005. In fact, Plaintiff possessed most of this data prior to the filing of this lawsuit in July 2004. Aside from the depositions conducted in this matter, all documents considered by Plaintiff's experts in forming their opinions were tendered by Plaintiff to Defendants in Plaintiff's Rule 26(a)(1) disclosures on February 2, 2005. Thus, there was nothing preventing Plaintiff from retaining and disclosing his experts with enough time remaining for Defendants to conduct expert discovery. Instead, Plaintiff's last minute disclosures have effectively prevented Defendants from conducting *any* expert discovery. Expert discovery is now closed, precluding Defendants from taking any depositions or naming any rebuttal experts. Further, even were it the case that time remained to depose these experts (which it does not), Defendants could not adequately prepare for these depositions in light of the numerous deficiencies associated with the expert disclosures. Given the Court's explicit instructions regarding a firm discovery cut-off, Plaintiff's actions do not constitute harmless error, but rather are exactly the sort of "surprise tactics" that Rule 26(a)(2) was intended to

address, making the exclusion of Plaintiff's experts "automatic and mandatory."

> A. **Plaintiff's Expert Disclosures With Respect to Mundt Were Untimely and Incomplete, Making Striking Mundt's Report And Barring Him From Offering Any Expert Opinions At Trial Proper.**

Plaintiff's Rule 26(a)(1) disclosure with respect to Mundt was provided in two stages and is *still* incomplete. First, Plaintiff faxed *only* Mundt's report to Defendants on December 28, 2005. (*See* Exhibit D). On January 6, 2006, after Plaintiff had additional Mundt documents in his possession for over one week, Plaintiff then faxed copies of Mundt's c.v. and an invoice for his services. (*See* Exhibit E). As of today's date, Defendants have still never received any information regarding any other cases in which Mundt has offered testimony.

Plaintiff's psychological expert should have, and could have, been disclosed while there was still ample time for Defendants to conduct expert discovery. According to his report, Mundt based his opinions on three sources of data: (1) his own examination of Plaintiff; (2) one 15-minute telephone conversation with Plaintiff's wife; and (3) his review of the complaint filed in this matter. (Exhibit D at p. 1). These are not newly-discovered sources of information. These sources were in Plaintiff's control well before this lawsuit was even filed. Moreover, since the initiation of this lawsuit, Plaintiff has exclusively alleged emotional damages. It is reasonable to charge Plaintiff's counsel with enough expertise to have anticipated that he would need a psychological expert. Thus, there is absolutely no reason for Plaintiff to have waited until the close of expert discovery to disclose a psychological expert, other than to gain an unfair tactical advantage over Defendants.

Moreover, Mundt's disclosures are *still* incomplete. Rule 26(a)(2)(B) requires that Mundt provide a list of cases over the past four years in which he has testified, and this information has not been provided. (*See* Exhibit D). Plaintiff's piecemeal disclosure of Mundt

was not complete until only one week remained in expert discovery, preventing Defendants from deposing him or retaining a rebuttal expert of their own.  Additionally, Plaintiff's failure to comply with the most basic requirements of Rule 26(a)(2)(B) would make any deposition preparation by Defendants inadequate and incomplete (if any time remained in expert discovery) and would prevent Defendants from adequately defending themselves by retaining an appropriate rebuttal expert because to this day they still do not know all relevant information regarding Mundt that Plaintiff was required to disclose. For these reasons, Mundt's report should be stricken and he should be prevented from providing any expert testimony at trial.

      **B.**      **Plaintiff's Expert Disclosures With Respect to Anderson Were Untimely and Deficient and Thus, Do Not Comport With The Requirements of Rule 26(a)(2) And Should Be Stricken.**

Anderson, Plaintiff's vehicular paint color "expert," was disclosed less than one week before the close of expert discovery.  It is difficult to determine the sufficiency of Plaintiff's disclosures with respect to Anderson, as his "opinions" are not entirely clear from the documents tendered to Defendants.  These disclosures consist of a partial resume which begins, "good afternoon I am looking for a position in the automotive industry…" (*See* Exhibit F).  In addition, Anderson's "report" consists of a one-paragraph letter addressed to "To Whom It May Concern" and is entirely devoid of any mention that Anderson conducted any examination of the facts, testimony, documents, tangible items, or anything else in this case. Id.

Leaving aside any *Daubert* deficiencies for purposes of this motion, though, it does not appear that Anderson's report is based on any newly-discovered information, making it entirely reasonable and possible for Plaintiff to have disclosed it sooner.  Anderson's opinion is limited to addressing "color fade" on a green Honda Civic. Id.  Allegations concerning a "green car" date back to the filing of Plaintiff's complaint in July of 2004.  As such, nothing prevented

Plaintiff from designating this "expert" sooner and providing Defendants with a reasonable amount of time to conduct expert discovery. While it is difficult to separate the *Daubert* shortcomings from those associated with Rule 26(a)(2)(B), what is clear is that Plaintiff failed to timely disclose the data or other information considered by Anderson in forming his opinion and failed to disclose any other cases in which Anderson has testified as clearly required by Rule 26(a)(2)(B).

As previously stated, Plaintiff's gross shortcomings prevented Defendants from deposing Anderson, retaining their own rebuttal expert, and fully and adequately preparing for a deposition in the event there had been time to do so prior to the close of fact discovery. Plaintiff's intentional and unjustified delay in disclosing Anderson is further demonstrated by the fact that Anderson's "report" is dated December 21, 2005, but Plaintiff neglected to transmit it to Defendants until January 6, 2006 – two weeks after receiving it and one week prior to the close of expert discovery. Because Anderson's report was untimely and remains incomplete long after the close of expert discovery, Anderson's testimony should be barred.

    **C.    Plaintiff's Expert Disclosures with Respect To Fulero Were Untimely, Are Unsigned, and Do Not Include All The Data He Considered in Forming His Opinion, Failing To Comport With The Requirements of Rule 26(a)(2).**

Plaintiff's disclosure of his proposed "eyewitness identification expert," Fulero, was deficient in a number of respects, which should result in striking his report and barring his testimony in this case. First, Fulero's report is not signed by Fulero as required by Rule 26(a)(2)(B). (*See* Exhibit G). Second, Fulero does not clearly identify the data upon which he relied to form his opinions, stating only that his opinions are based on "depositions of various persons, including…" and "on scientific research on various matters related to eyewitness evidence collection, and the publications in these areas, including but not limited

to…'Eyewitness Evidence: A Guide for Law Enforcement'," which he fails to attach. (Exhibit G at p. 1). This is insufficient under Rule 26(a)(2)(B), which requires that Fulero disclose *all* the data he has considered, as well as providing any exhibits used as support for his opinions. Third, Plaintiff's disclosures with respect to Fulero were unjustifiably late. It is clear from Fulero's report that Plaintiff could have easily disclosed this expert earlier and allowed Defendants adequate time to conduct expert discovery.

According to his report, of the seven sources of data that Fulero actually identified as being relied upon by him in forming his opinions, six were in the possession of Plaintiff prior to February 2, 2005, when Plaintiff tendered them to Defendants as part of his Rule 26(a)(1) disclosures. (Exhibit G at p. 1). Fulero's final source of identified data consisted of "depositions of various persons." *Id.* While deficient in that Fulero does not identify each and every deposition relied upon as he was required to do, of the depositions listed, the last one was completed on November 10, 2005, over nine weeks prior to the close of expert discovery. There was absolutely no legitimate reason for Plaintiff to wait until the day before the expert discovery cut-off to disclose Fulero's opinions to Defendants. Defendants have been severely prejudiced by Plaintiff's untimely, and still incomplete disclosures since all discovery is now firmly closed. Defendants are unable to depose Fulero, identify a rebuttal expert, or even attempt to rebut Fulero's testimony in light of Plaintiff's late and grossly inadequate disclosures. Thus, Fulero's opinions and testimony should be barred.

> **D.     Plaintiff's Disclosures with Respect to Palumbo Should Be Stricken Because They Were Untimely and Because Palumbo's Opinions Are Based In Part Upon Undisclosed Data Provided by Plaintiff's Counsel.**

Palumbo, Plaintiff's proposed police procedures expert, was also disclosed just one day prior to the expert discovery cut-off, on January 13, 2006. As with Plaintiff's other experts,

9

most of the documents reviewed and relied upon by Palumbo were in Plaintiff's possession since the inception of this lawsuit in 2004. As with Fulero, the last deposition on which Palumbo relied took place on November 10, 2006 – over nine weeks prior to the close of expert discovery – making disclosure possible long before expert discovery was set to close. (Exhibit H at pp.1-2). Additionally, Palumbo's report indicates his "opinion is based on information provided by counsel," in addition to certain documents he reviewed. (Exhibit H at p. 1). This information is neither identified nor attached to Palumbo's report, providing yet another reason why this disclosure is wholly insufficient under Rule 26(a)(2)(B). Defendants have been severely prejudiced by this disclosure as well, as they can no longer conduct any expert discovery in the case – preventing them from seeking the information "provided by counsel," deposing Palumbo or retaining rebuttal witnesses to defend themselves. As with Plaintiff's other expert disclosures, Plaintiff's incomplete and untimely disclosure of Palumbo and his opinions has severely prejudiced Defendants and his report should be stricken and his testimony should be barred.

## CONCLUSION

Plaintiff's intentional, calculated, unjustified and untimely expert disclosures have severely prejudiced Defendants in their defense of this case. Pursuant to the holdings of the Seventh Circuit, exclusion of Plaintiff's experts should be "automatic and mandatory," since Plaintiff's failure to comply with the requirements of Rule 26(a)(2) was neither harmless nor justifiable. The Seventh Circuit affords this Court "broad discretion" in determining whether Plaintiff's failure to comply with Rule 26(a)(2) was justifiable, and whether Defendants have suffered harm as a result. *See e.g.* Miksis, 106 F.3d at 760; Mid-America Tablewares, Inc., 100 F.3d at 1363; Finley, 75 F.3d at 1231. In light of Judge Manning's prior rulings explicitly providing for no further extensions of discovery and Plaintiff's blatant and intentional non-

compliance with the strict requirements of Rule 26(a)(2), Defendants respectfully request that this Court strike all of Plaintiff's expert reports and bar their testimony at trial.

RESPECTFULLY SUBMITTED,

**MARTIN GARCIA and DION BOYD**

By:   /s/ Torreya L. Hamilton
      One of Their Attorneys

Torreya L. Hamilton (06229397)
Assistant Corporation Counsel
30 North LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-6905
*Attorneys for Defendants, Martin Garcia and Dion Boyd*

**CITY OF CHICAGO**

By:     /s/ Sara L. Ellis
      One of Its Attorneys

Sara L. Ellis (06224868)
Assistant Corporation Counsel
City of Chicago
30 North LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-8307
*Attorneys for Defendant, City of Chicago*

**MARY BOSWELL**

By:   /s/ Catherine A. Miller
      One of Her Attorneys

Richard T. Sikes, Jr. (3128217)
Catherine A. Miller (6270278)
Rachel E.A. Atterberry (6282453)
Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
(312) 360-6000
*Attorneys for Defendant, Mary Boswell*