**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | | |
|---|---|---|---|
| TIMOTHY FINWALL, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | No. 04 CV 4663 | |
| v. | ) | Judge Blanche M. Manning | |
| | ) | | |
| CITY OF CHICAGO, et al. | ) | | |
| | ) | | |
| Defendants. | ) | | |

**MEMORANDUM AND ORDER**

Plaintiff Timothy Finwall's decision to wait until the waning days of discovery to serve expert reports did not sit well with the defendants. The defendants filed a motion to exclude the experts' reports and opinions, which Magistrate Judge Jeffrey Cole granted. Finwall objects to the magistrate judge's order, as permitted under Federal Rule of Civil Procedure 72(a). However, this court agrees with the magistrate judge's decision and therefore overrules Finwall's objection.

**Background**

In his complaint, Finwall alleges that the defendants—which include the City of Chicago and some of its police officers—falsely arrested him for abducting two young girls, a crime for which he was tried and acquitted. Finwall hopes to rely on the opinions of four expert witnesses to show that police framed him. Parties are, in certain circumstances, entitled to rely upon evidence offered by experts, *see* Fed. R. Evid. 702, 703, 705, but a party wishing to do so must inform the other parties as required by Federal Rule of Civil Procedure 26(a)(2). Under Rule 26(a)(2), a party intending to use an expert must disclose to the other parties the expert's identity and provide a copy of the expert's report. The report must contain (1) the expert's opinions and

the basis and reasons for the opinion; (2) exhibits to be used as a summary of or support for the opinions; and (3) the expert's qualifications, which includes publications authored, compensation paid, and a listing of other cases in which the expert has served as an expert. Fed. R. Civ. P. 26(a)(2)(A), (B). The disclosures "shall be made at the times and in the sequence directed by the court," or in the absence of directions from the court at least 90 days before trial. Fed. R. Civ. P. 26(a)(2)(C).

This court chose not to rely on the backup provision of Rule 26(a)(2)(C), and instead explicitly directed the parties to complete expert discovery by October 1, 2005. At the parties' behest, the court granted what it advised was a "generous extension" until January 15, 2005 for expert discovery. *See* Minute Order of August 2, 2006. In the order granting the extension, the court admonished the parties that it would "not entertain further requests for extensions" and warned counsel to "ensure that discovery is *completed* by the cut off." *Id.* (emphasis added). Later, Finwall moved to take ten fact discovery depositions beyond the ten allowed under Rule 30(a)(1)(A). The court allowed Finwall three more fact discovery depositions, but only after Finwall assured the court that the additional depositions would not impact the January 15, 2006 deadline for expert discovery. *See* Minute Order of Nov. 11, 2005; Memorandum of Law in Support of Defendants' Joint Motion To Bar The Opinions of Plaintiff's Experts, Exhibit C at 2 (transcript of Nov. 11, 2005 status hearing before Judge Blanche Manning).

Finwall waited until December 28—12 business days before the close of expert discovery—to disclose his first of four experts. On that same day, Finwall promised to disclose his additional experts by January 6—five business days before the close of expert discovery—but

no additional disclosures were made by that date. Instead, Finwall waited until January 9 to disclose his second expert, and January 13 to disclose the remaining two.

The defendants contend that Finwall's disclosures came so late that they were unable to depose his experts or propose rebuttal experts before the January 15 deadline. Furthermore, according to the defendants, the disclosures were not only late, but also lacked the information required by Rule 26(a)(2). For instance, the report of Finwall's first expert, John Edward Mundt, a licensed clinical psychologist, was missing Dr. Mundt's *curriculum vitae* and his fee schedule, which were not provided until January 6—five business days before expert discovery closed. The defendants contend that the reports of the remaining experts—Wayne Anderson, an automotive mechanic; Dr. Solomon Fulero, an expert in eyewitness identification; and Paul Palumbo, a criminologist—fail to identify the data upon which the experts based their opinions.

In response to Finwall's last-minute disclosures, the defendants moved to exclude Finwall's experts under Federal Rule of Civil Procedure 37(c)(1), which prohibits the use at trial of information not disclosed as required by Rule 26(a) unless (1) the party that failed to disclose the information had substantial justification; or (2) the failure to disclose was harmless. In their motion to exclude, the defendants argued that Finwall failed to comply with the court-imposed discovery deadlines because Dr. Mundt's report was incomplete when disclosed just twelve business days before discovery closed, and that the supplement to Dr. Mundt's report along with the reports of Anderson, Fulero, and Palumbo were all disclosed within the last few days of discovery. The defendants contended that Finwall's belated disclosures were unjustified, especially given that the parties had been engaged in discovery for nearly a year, and that the court had explicitly warned that discovery must be completed, not just initiated, by the deadline.

Finwall, for his part, maintained that he had done nothing wrong by disclosing his experts on the eve of the close of discovery.

The magistrate judge granted the defendants' motion to exclude. In his order, the magistrate judge reached the following conclusions: (1) this court's deadline required that expert discovery be *completed*, not just initiated, by January 15, 2006; (2) serving four expert reports during the final days of discovery did not give the defendants adequate time to complete expert discovery; and (3) Finwall had not met his burden of demonstrating that his failure to meet a court-imposed deadline was justified or harmless. Finwall timely objected to the magistrate's order. *See* Fed. R. Civ. P. 72(a) (party must object to magistrate judge's order within 10 days).

**Analysis**

In order to avoid exclusion under Rule 37(c)(1), Finwall bears the burden of showing that his delay was either justified or caused no harm. *See NutraSweet Co. v. X-L Eng'g Co.*, 227 F.3d 776, 785-86 (7th Cir. 2000) (the party to be sanctioned bears burden of showing that its violation of Rule 26(a) was either justified or harmless). The decision to exclude need not be based upon specific findings of fact, but rather should be guided by the following factors: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the party's ability to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *See Keach v. United States Trust Co.*, 419 F.3d 626, 640 (7th Cir. 2005).

To prevail on his objection to the magistrate judge's order, Finwall must show that the order was "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). That standard sets the hurdle high. *See* 12 Charles A. Wright, Arthur Miller, & Richard L. Marcus, Federal Practice

and Procedure § 3069, at 350-51 (2d ed. 1997) ("it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge.")  The Seventh Circuit put it more vividly by characterizing a decision as clearly erroneous only if it strikes the court as "wrong with the force of a five-week-old, unrefrigerated, dead fish."  *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).

Applying those factors and standards, the court concludes that the magistrate judge's decision was not clearly erroneous or contrary to law.  In fact, because the court agrees that Finwall both lacked justification and caused harm, the magistrate judge's decision is the same one this court would have reached.

*Substantial Justification*

The magistrate judge correctly rejected Finwall's argument that he complied with this court's rules by merely serving his experts' reports before the deadline.  As discussed in great detail in the magistrate judge's order, the significance of the court-imposed deadline for expert discovery could not have been stated more explicitly.  In this court's order setting the January 15, 2006, deadline, the court stated that expert discovery needed to be "completed" by that date.  Furthermore, the Northern District's local rules specifically explain that discovery closing dates set by the court require that discovery "must be *completed* before the discovery closing date." Local Rule 16.1 (emphasis in original).

In his objection, Finwall concedes for the first time that waiting until the final days of discovery to first disclose his experts did not comply with the court's rules.  Instead, he now argues that counsel simply misunderstood the effect of a discovery deadline, and that counsel realized the mistake only after reading the magistrate judge's order excluding Finwall's experts.

Two problems plague Finwall's shift in argument. First, Finwall failed to pitch it to the magistrate judge and may not do so for the first time in his objection to the magistrate judge's order. *See United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2002) (arguments not raised in front of magistrate judge are forfeited). Second, the argument is hard to swallow. A total of three attorneys are listed as counsel of record on each of Finwall's briefs. According to their firm's website, between them they have 70 years' legal experience. In Finwall's brief, counsel describe themselves as attorneys who have "worked hard for a long time." It is therefore difficult to believe their excuse that they did not understand that "completed" means "completed." Furthermore, the defendants pointed out to Finwall and his counsel in their motion to exclude the meaning of the word "completed," yet counsel continued to insist to the magistrate judge that "completed" required nothing more than that Finwall disclose his expert by the discovery deadline without leaving any meaningful amount of time for depositions or rebuttal experts.

Additionally, Finwall asserts that he could not have obtained expert reports any sooner than he did because the defendants themselves have delayed discovery. For instance, Finwall contends that he wanted to depose defendant Mary Boswell as early as January 2005, but that the defendants refused to cooperate and as a result the depositions did not occur until October. Similarly, Finwall contends that the defendants refused to produce numerous documents, and that some of the requests have still not been satisfied.

Finwall's argument about the defendants' failure to comply with discovery is unavailing for two reasons. First, as with their argument about misunderstanding the meaning of the word "completed," they have forfeited it by not setting it forth in front of the magistrate judge with the same detail they include in their objection—in fact, Finwall admits that he failed to give Judge

Cole "the full perspective on the history of this case [making] it difficult to appreciate just how unfair his sanction order was under the circumstances." *See Melgar*, 227 F.3d 1038, 1040 (arguments not made to the magistrate judge are forfeited). Second, to the extent that Finwall's accusations against the defendants are true, Finwall should have responded with motions to compel. Although the court appreciates parties' attempts to resolve discovery disputes among themselves, *see* Local Rule 37.2 (requiring parties to attempt to resolve discovery disputes before seeking court intervention), by failing to file a motion to compel as the discovery deadline grew near, Finwall himself created whatever time constraints kept him from complying with his own obligations under the court's discovery schedule.

In sum, Finwall's decision to wait until the final days of expert discovery to first disclose his expert's reports did not comply with this court's explicit order, and Finwall has identified no basis for concluding that his belated disclosure of experts was substantially justified.

*Harmlessness*

In addition to being unjustified, Finwall's delay also caused harm both to the defendants and to the court. The last-minute disclosure left the defendants with no meaningful opportunity to review the experts' reports, no opportunity to schedule the experts' depositions, and no opportunity to identify and disclose rebuttal experts. Additionally, as the court had warned the parties, no additional extensions would be granted. Finwall seems to argue that the fact that no additional extensions were available was of no moment because no trial date had been set and, as a consequence, plenty of time remained for expert discovery. But, as the magistrate judge correctly concluded, "[l]ate disclosure is not harmless within the meaning of Rule 37 simply because there is time to reopen discovery." Order at 11 (citing *Aon Risk Servs., Inc. of Ill. v.*

*Shetzer*, No. 01 CV 7813, 2002 WL 1989466, at *6 (Aug. 27, 2002) and *Rick v. Toyota Indus. Equip. Co.*, No. 93 CV 1331, 1994 WL 484633, at *3 (N.D. Ill. Sept. 2, 1994)).

Finwall also prejudiced the court and other litigants by failing to comply with the court's discovery schedule. A court has a legitimate interest in managing each case before it, including enforcing deadlines, to ensure prompt and orderly litigation. *See Campania Mgt. Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 851 (7th Cir. 2002). Fulfilling its duty to efficiently manage its docket benefits not only the parties to a particular case, but also the parties to every case pending before the court: delays in one case needlessly tie up the court's docket and impose delays in the court's other cases.

***Order Casts Counsel In Poor Light***

Given that Finwall's delay in disclosing his experts was unjustified and harmful, the magistrate judge correctly granted the defendants' motion to exclude Finwall's experts. Nevertheless, Finwall asks the court to sustain his objection to the magistrate's order because the order casts his attorneys in a poor light. The focus of the magistrate judge's order, and this court's review of it, is on the parties' conduct and the consequences that flow from that conduct. The magistrate judge and this court agree that Finwall failed to comply with the court's discovery schedule and that, as a result, the defendants are entitled to an order excluding Finwall's experts. To the extent the conduct of Finwall's counsel has impaired their firm's reputation, they should have taken that into account when deciding when to disclose Finwall's experts.

**Conclusion**

Accordingly, Finwall's objection to the magistrate judge's order [79-1] is overruled. The order barring the use of Finwall's proposed experts stands.


ENTER:

DATE: August 10, 2006

_____
Blanche M. Manning
United States District Judge