# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TIMOTHY FINWALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 04 CV 4663 |
| v. | ) Judge Blanche M. Manning |
| | ) |
| CITY OF CHICAGO, et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Timothy Finwall was arrested for the attempted abduction of two young girls. He was tried in state court and acquitted. After his acquittal, he sued the City of Chicago, two Chicago police detectives (defendants Martin Garcia and Dion Boyd), and the mother of one of the purported victims, alleging that they violated various constitutional rights by, in essence, setting him up. The defendants moved for summary judgment, but were only partially successful.

Presently before the court are two motions for reconsideration. One was filed by defendant City of Chicago; the other by defendants Garcia and Boyd. The court considers each in turn.

## ANALYSIS

**I.  Standard of Review**

To be entitled to relief under a motion for reconsideration, the defendants may not simply rehash old arguments, but rather must identify either newly discovered evidence, or a manifest error of law or fact. *See Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007).

Whether to grant a motion for reconsideration is left to the sound discretion of the district court. *Id.* at 512.

## II. City of Chicago's Motion for Reconsideration

The court previously denied defendant City of Chicago's motion for summary judgment on claims under 42 U.S.C. § 1983 of false arrest (Count II) and unlawful detention (Count IV). The city had argued that (1) the claims were untimely; and (2) Finwall presented no evidence that the detectives operated under a policy of unlawfully detaining persons, an element required to establish municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The court gave the following reasons for denying the motion: (1) the statute of limitations on Finwall's claims were tolled during the pendency of an earlier-filed class action suit in which similar claims were raised and in which Finwall was a putative class member; and (2) Finwall presented sufficient evidence of a city policy of unlawfully detaining persons. The city moves for reconsideration.

### A. *Statute of Limitations on Counts II & IV*

In determining whether Finwall's claims in this suit were timely, the court first examined whether Finwall fell within the description of the proposed classes in the earlier class action suit, *Lopez v. City of Chicago*, No. 01 CV 1823 (N.D. Ill.). That suit involved allegations that Chicago police officers (1) subjected suspects to interrogations exceeding 24 hours in small rooms without food, bathroom breaks, or the opportunity to sleep, and (2) held suspects for more than 48 hours without a probable cause hearing in violation of *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991). The plaintiff in *Lopez* proposed the following two classes:

> I. All persons arrested by the Chicago Police Department without an arrest warrant from March 15, 1999 to October 15, 2003 and who were detained in excess of 48 hours before approval of charges or release. [and]
>
> II. All arrestees detained in a Chicago Police Department Detective Division interrogation room(s) in excess of 24 hours before approval of charges or release at any time from March 15, 1999 to October 15, 2003.

*Lopez*, No. 01 CV 1823, Memorandum In Support of Plaintiff's Motion for Class Certification (Docket # 90-1), at 11. Based upon Finwall's allegations that he was detained for more than 48 hours in a police interrogation room, as well as the evidence submitted in association with the motion for summary judgment, the court concluded that Finwall was a member of the putative class proposed by *Lopez*.

However, elsewhere in its order the court acknowledged Finwall's admission during discovery that his detention had not exceeded 48 hours but, in fact, had lasted only 43 hours. Although the court concluded that the admission did not adversely affect the merit of his unlawful detention claim, the court did not take into account the significance of the admission to the timeliness of the claim. Because Finwall was not held for 48 hours, upon reconsideration the court concludes that Finwall was not a member of the first class proposed in *Lopez*.

But Finwall remains a member of the second class proposed in *Lopez* because it is undisputed that he was held more than 24 hours in an interrogation room. Therefore, the court must determine whether his false arrest and unlawful detention claims are substantially similar to the claims of the second class in *Lopez*. If they are substantially similar, then the statute of limitations on those claims was tolled. *See Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 355 (1983) (Powell, J., concurring) (claims are tolled if they involve the same evidence, memories and witnesses as the original class suit); *Tosti v. City of Los Angeles*, 754 F.2d 1485,

1489 (9th Cir. 1985) ("We find no persuasive authority for a rule which would require that the individual suit must be identical in every respect to the class suit for the statute to be tolled.").

### 1. *False Arrest (Count II)*

Earlier the court concluded that Finwall's false arrest claim was substantially similar to the claim of the first class proposed in *Lopez*—a claim that suspects did not receive a probable cause hearing during the first 48 hours of their detention—because both claims involved issues of probable cause. However, Finwall was not part of that class, so that claim is now irrelevant. Whether the statute of limitations on Finwall's false arrest claim was tolled now depends solely on its similarity to the claim of the second class proposed in *Lopez*. The claim of the second class involved the conditions of detention, including the withholding of food, sleep, and bathroom breaks to suspects shackled in small interrogation rooms. The plaintiffs' success on that claim would not have turned on whether police had probable cause to arrest or whether suspects arrested without warrants received a timely probable cause hearing before a judge. Therefore, the claim of the second class is not substantially similar to Finwall's false arrest claim, for which probable cause is the central issue. As a result, the statute of limitations on Finwall's false arrest claim was not tolled during the pendency of the proposed class claims in *Lopez* and the claim is untimely. Accordingly, upon reconsideration the court agrees that the city is entitled to summary judgment on Count II.

### 2. *Unlawful Detention (Count IV)*

Although the claim of the second class in *Lopez* is not substantially similar to Finwall's false arrest claim, it is substantially similar to his unlawful detention claim. Both involve the detention of suspects under conditions allegedly so unreasonable that the detention violated the

Fourth Amendment. Nevertheless, the city argues that the claims are not substantially similar because Finwall alleged only that his detention was unreasonable because it was excessive: "Plaintiff's complaint clearly pleads his cause of action for detention for more than 48 hours without a *Gerstein* hearing." Defendant's Reply Brief (Docket # 208), at 5. The city contrasts Finwall's claim with that of the proposed second class in *Lopez*, which involved allegations that conditions were unreasonable because suspects were shackled and denied food, bathroom breaks, and an opportunity to sleep.

The city has mischaracterized Finwall's allegations. In fact, he made allegations substantially similar to the allegations in *Lopez*. Specifically, in his complaint Finwall alleged the following:

> Moreover, during this time, Defendants Boyd and Garcia inflicted punishment on Mr. Finwall. They kept Mr. Finwall handcuffed to a wall in the small interrogation room, providing him little sustenance and denying him access to a restroom, forcing him to urinate on the floor of the room. The sole furnishing in the room was a small four by ten inch metal bench and Mr. Finwall was provided no bedding for sleep during the entire time.

Complaint (Docket # 1) at ¶ 38. Therefore, Finwall's claim is substantially similar to the claim of the second class in *Lopez*, of which he would have been a member.

Nevertheless, the city argues that Finwall should not be allowed to prove that his detention was unlawful based upon the conditions of his confinement because (1) he never alleged unreasonable conditions in his complaint; (2) the city never sought discovery on the conditions of Finwall's confinement; and (3) Finwall cannot amend his complaint to include such allegations at this late date because of undue delay and undue prejudice to the defendants. However, as discussed above, Finwall's complaint *does* include such allegations. To the extent

the city neglected to seek discovery on Finwall's allegations, any repercussions must be borne by the city, not Finwall. Because Finwall's unlawful detention claim is substantially similar to the claim of the second class in *Lopez*, the statute of limitations was tolled and his claim was timely filed.

Alternatively, the city asks the court to reconsider its denial of summary judgment on Count IV because Finwall failed to produce any evidence that the officers who allegedly infringed his constitutional rights did so in the execution of a government policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). However, as the court noted in its order denying summary judgment, Officers Garcia and Boyd admitted in response to Finwall's Rule 56.1 Statement of Facts that they detained him longer than necessary in order to investigate him for other crimes as required by the police department's "crime pattern file" policy. *See* Defendant Detectives' Response to Plaintiff's Local Rule 56.1(a)(3) Statement of Material Facts (Docket # 134) at ¶¶ 65 - 70. This admission remains evidence of a government policy or custom. The city has identified no basis for reconsideration of the court's order denying summary judgment. Accordingly, the city's request for reconsideration of the denial of summary judgment on Count IV is denied.

IV.     **Detectives' Motion for Reconsideration**

The court previously granted summary judgment to defendants Garcia and Boyd on Finwall's claims of false arrest (Counts I) and unlawful detention (Count III), but denied their motion for summary judgment on Finwall's Fourteenth Amendment Due Process claim (Count V). Garcia and Boyd have now moved for reconsideration of the denial of summary judgment on Count V.

In Count V, Finwall alleged that Garcia and Boyd denied him due process by: (1) fabricating evidence against him, including a suggestive photo array and lineup; (2) failing to disclose the fabrications as required by *Brady v. Maryland*, 373 U.S. 83, 87 (1963); and (3) offering perjured testimony from Boyd at trial. Garcia and Boyd present four arguments why they are entitled to summary judgment on this count: (1) Finwall was not denied due process in light of his acquittal; (2) his claim was barred by the statute of limitations; (3) a criminal defendant is not entitled to an impartial photo array or lineup, and therefore no due process violation could have occurred; and (4) no *Brady* violation for withholding evidence could have occurred because Finwall knew about the photo array and lineup when they occurred and at his criminal trial.

The first three arguments were not presented by Garcia and Boyd in their motion for summary judgment. Therefore, the arguments are forfeited. *See Estremera v. United States*, 442 F.3d 580, 587 (7th Cir. 2006) (an argument raised for the first time in a motion for reconsideration is forfeited). Furthermore, the arguments are unpersuasive. First, although the district courts are split and the Seventh Circuit has not decided the issue, this court finds persuasive the decisions of those district courts that allow a plaintiff to proceed with a due process claim based upon a violation of *Brady* despite an acquittal. *See, e.g., Carvajal v. Dominquez*, 05 CV 2958, 2007 WL 1687275, at *8 (N.D. Ill. June 11, 2007) (an acquittal does not demonstrate that police officers complied with the dictates of *Brady* or that the criminal defendant's trial was untainted).

Second, the obligation to provide favorable evidence continues through trial, appeal, and post-conviction proceedings. *See Steidl v. Fermon*, No. 06-2017, 2007 WL 2048929, at *6 (7th

Cir. Jul. 18, 2007) ("For evidence known to the state at the time of the trial, the duty to disclose extend through the legal proceedings that may affect either guilt or punishment, including post-conviction proceedings."). Finwall's trial ended on July 22, 2002. His due process claim was filed July 17, 2004, within the applicable two-year statute of limitations. *See Wallace v. Kato*, 127 S. Ct. 1091, 1094-95 (2007) (two-year personal injury statute of limitations applies to § 1983 claims arising in Illinois). Therefore, the claim is timely.

Third, although Garcia and Boyd have cited to a recent case from the Second Circuit holding that due process claims cannot be based upon suggestive photo arrays or lineups, the Seventh Circuit recently reached the contrary conclusion. *See Alexander v. City of South Bend*, 433 F.3d 550, 555 (7th Cir. 2006) (a criminal defendant's due process right "is violated if unduly suggestive identification techniques are allowed to taint the trial.").

Garcia and Boyd's final argument is that they had no duty under *Brady* to disclose their role in creating a suggestive photo array and lineup because Finwall was already aware of the lineups and could have concluded for himself that they were overly suggestive. This is the same argument Garcia and Boyd offered in support of their motion for summary judgment which the court has already rejected. Because they have offered nothing new in support of the argument, the court will not address it further. *See Otto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (motions for reconsideration are not vehicles for rearguing previously rejected motions).

**CONCLUSION**

For the reasons stated, the City of Chicago's motion for reconsideration [183-1] is granted as to Count II of Finwall's complaint and denied as to Count IV. As a result, summary

judgment is granted in favor of the City of Chicago on Count II. Defendants Garcia and Boyd's motion for reconsideration [185-1] is denied.

ENTER:

DATE: August 16, 2007

_Blanche M. Manning_
Blanche M. Manning
United States District Judge